NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-177

BRYAN D. OLIVEIRA

vs.

CITY OF NEW BEDFORD & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bryan D. Oliveira, a former New Bedford police officer, appeals from the entry of summary judgment by a Superior Court judge in favor of the defendants on the plaintiff's claims for retaliation, in violation of G. L. c. 151B, § 4 (4), and aiding and abetting, in violation of G. L. c. 151B, § 4 (5).[2] We affirm.

---

[1] Joseph Cordeiro and Adelino Sousa.

[2] The plaintiff alleged retaliation against the city of New Bedford, Police Chief Joseph Cordeiro, Deputy Chief Paul Oliveira, and Captain Adelino Sousa. He alleged aiding and abetting against the three individual defendants. The parties later stipulated to the dismissal of all claims against Deputy Oliveira.

Background.  We recite the facts in the light most favorable to the plaintiff, the party opposing summary judgment. See Bulwer v. Mount Auburn Hosp., 473 Mass. 672, 680 (2016).

The plaintiff worked for the New Bedford police department (department) from 2000 until he resigned in February 2020.  At all times relevant to his complaint, the plaintiff was assigned to the Bristol County Drug Enforcement Administration Task Force (task force), which was comprised of Federal agents and local police officers.  The task force office was located in a separate building from department headquarters.

In November 2017, the plaintiff attended an annual police officer's ball, where another department officer, Tyrone Jones, directed several derogatory, homophobic insults toward him.  In April 2018, the plaintiff reported the incident to Chief Joseph Cordeiro and Deputy Chief Paul Oliveira.  Although the plaintiff was hesitant to file a formal complaint, Chief Cordeiro and Deputy Oliveira referred the matter for internal investigation. After the investigation, in July 2018, Chief Cordeiro suspended Jones for three days without pay for violations of various department rules and its antidiscrimination and harassment policy.  In August 2018, the plaintiff complained to Chief Cordeiro and Deputy Oliveira about the length of Jones's suspension and, during a meeting in September 2018, expressed concerns that Jones was discussing the suspension with others in

2

the department.  After the meeting, Deputy Oliveira ordered Jones to refrain from discussing his suspension or the plaintiff's complaint with others in the department.

Around December 2018, Captain Sousa's role at the department expanded so that he supervised both the plaintiff and Jones.  Captain Sousa told the plaintiff he would be required to work with Jones more often.  Despite this conversation, the plaintiff was never assigned to work with Jones.  In January 2019, the plaintiff contacted a detective at the Taunton police department (Taunton police) to inquire about a lateral transfer.  In May 2019, the plaintiff discussed a lateral transfer with Chief Cordeiro and the director of human resources for the city of New Bedford, Sandra Vezina.  The plaintiff told Vezina that he had made a complaint against a coworker for sexual harassment and that, while a thorough investigation was conducted, he was not satisfied with the coworker's punishment.  Vezina informed the plaintiff that he could file a complaint with the Massachusetts Commission Against Discrimination (MCAD)[3] or the Equal Employment Opportunity Commission.  Chief Cordeiro told the plaintiff that he could not transfer for six months due to

_____

[3] The plaintiff filed a complaint with MCAD against the city of New Bedford for sex discrimination, sexual harassment, and retaliation but withdrew it when he filed his Superior Court complaint.

3

staffing issues, but he agreed to contact the Taunton police to request that the position be held open until December 2019.

In July 2019, during a meeting with several members of the Taunton police regarding the plaintiff's transfer request, Taunton Police Chief Edward Walsh asked the plaintiff about a conflict between the plaintiff and a supervisor.  Ultimately, the Taunton police did not hire the plaintiff because of concerns that he was a highly experienced officer who would have to return to being a junior patrol officer.  In August 2019, the plaintiff reported to Vezina that he did not get the Taunton police position and that someone at the department had said something negative about him to Chief Walsh.  The plaintiff asked Chief Cordeiro to contact Chief Walsh, who reported that he had not communicated with anyone currently in the department regarding the plaintiff's candidacy.  Captain Sousa also stated that he did not speak to anyone at the Taunton police regarding the plaintiff's candidacy.

In February 2020, the plaintiff resigned from the department after he received a transfer to the Attleboro police department.

Discussion.  1.  Standard of review.  We review a grant of summary judgment de novo.  See Bulwer, 473 Mass. at 680.  We view the evidence in the light most favorable to the nonmoving party to determine whether, based on the undisputed facts, the

4

moving party is entitled to judgment as a matter of law.  See
id.

2.  Retaliation.  The plaintiff argues that summary
judgment was improper on his retaliation claim.  To make out a
prima facie case of retaliation under G. L. c. 151B, § 4 (4),
the plaintiff was required to show (1) his engagement in
protected conduct, (2) the infliction of some adverse action by
the defendants, and (3) a causal connection between the two.
See Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248,
260 (2021).

There is no dispute that the plaintiff engaged in protected
conduct by reporting Jones's sexual harassment of him to his
superiors.  However, our assessment is the same as that of the
judge:  the plaintiff's evidence of adverse employment action
was insufficient for his retaliation claims to survive summary
judgment.

Adverse employment action refers to "the effects on working
terms, conditions, or privileges that are material, and thus
governed by the statute, as opposed to those effects that are
trivial and so not properly the subject of a discrimination
action."  King v. Boston, 71 Mass. App. Ct. 460, 468 (2008).
"Material disadvantage for this purpose arises when objective
aspects of the work environment are affected."  Id.  See Yee v.
Massachusetts State Police, 481 Mass. 290, 297-301 (2019)

5

(failing to grant lateral transfer between two police departments may constitute adverse employment action where employee can show material differences between roles, such as opportunity for additional overtime pay).  The employee can show constructive discharge, which is legally regarded as a firing, if the employer's actions effectively force the employee to resign because the work conditions are objectively "so difficult as to be intolerable."  GTE Prods. Corp. v. Stewart, 421 Mass. 22, 34-35 (1995).

The plaintiff asserts that the department failed to investigate his complaints regarding (1) Jones's continued retaliation after his suspension, (2) Captain Sousa's statements that the plaintiff would be forced to work with Jones, and (3) the plaintiff's suspicion that someone at the department spoke negatively about him to the Taunton police.  He contends that the defendants' failure to investigate or remedy these behaviors thwarted his transfer to Taunton and resulted in constructive discharge from his position with the department. We disagree.

The plaintiff has failed adequately to allege an adverse employment action.  The judge permissibly found, based on the record, that the plaintiff's allegation that someone from the department disclosed his conflict with a superior officer was unsupported by admissible evidence.  Neither the failed transfer

6

to the Taunton police nor the plaintiff's resignation constituted an adverse employment action.  The position with the Taunton police would have required the plaintiff to move from a detective role to a junior patrolman role, where he would have received lower pay and fewer opportunities.  Therefore, the plaintiff's failure to secure the position did not result in material disadvantage.  See Yee, 481 Mass. at 297-301; MacCormack v. Boston Edison Co., 423 Mass. 652, 661 (1996) (plaintiff failed to demonstrate material disadvantage where "[his] job grade and pay level remained the same").

As to the plaintiff's contention that he was constructively discharged, Deputy Oliveira contacted Jones in response to the plaintiff's concerns about Jones's postsuspension conduct and told Jones to refrain from discussing his suspension with others in the department.  The plaintiff has not alleged that Jones continued to discuss the incident after this point, nor was the plaintiff ever forced to work with Jones.  When the plaintiff voiced concerns that someone in the department had spoken poorly of him to the Taunton police, Chief Cordeiro contacted Chief Walsh, who stated that no one on his "command staff" -- the group responsible for assessing the plaintiff's candidacy -- was contacted by anyone from the department.  So, even to the extent the plaintiff had a sincere belief that he was facing discrimination, his work conditions fell short of the high bar

for constructive discharge.  Cf. <u>Salvi</u> v. <u>Suffolk County Sheriff's Dep't</u>, 67 Mass. App. Ct. 596, 606-607 (2006) (describing long list of factors that cumulatively provided sufficient evidence of constructive discharge, including months of homophobic slurs, undesirable assignments, exoneration of and lack of punishment for perpetrators, and forced contact at work with perpetrators).

In sum, the plaintiff failed to provide evidence of any change in his objective working conditions that could be considered an adverse employment action.[4]  The judge properly granted summary judgment on the retaliation claim.[5]

---

[4] The plaintiff also argues, without support, that the department's initial refusal to pay him for his unused sick time when he and another officer sought to leave the department may have been retaliatory.  At the time, the police department and the New Bedford Police Union (union) were engaged in arbitration regarding whether the department was required to pay officers for accrued, unused sick time if they resigned.  In June 2021, the arbitrator ruled in the union's favor, and the plaintiff now has been paid in full for his unused sick time.  The record contains undisputed evidence that the arbitration and the police department's position on payouts predated the plaintiff's resignation.

[5] The defendants argue for the first time on appeal that the alleged acts occurring before March 20, 2019, which was 300 days prior to the plaintiff's filing with MCAD, were time barred. See G. L. c. 151B, § 5.  Because the timeliness of the complaint turns on the disputed factual issue of whether the conduct was "of a continuing nature," it was not appropriate to resolve at the summary judgment stage or for the first time on appeal.  See <u>Cuddyer</u> v. <u>Stop & Shop Supermkt. Co</u>., 434 Mass. 521, 531, 541 (2001) (issue of which discriminatory acts are continuous and within statute of limitations is question of fact for jury).

3. *Aiding and abetting*. Aiding and abetting is "entirely derivative of the discrimination claim." *Abramian* v. *President & Fellows of Harvard College*, 432 Mass. 107, 122 (2000). Thus, a plaintiff must show facts supporting the underlying act of discrimination or retaliation by a principal offender to survive summary judgment on the related claim of aiding and abetting. See *id*. Because the plaintiff's complaint failed to establish a prima facie case of retaliation, the defendants were entitled to summary judgment on the plaintiff's derivative aiding and abetting claims.

> *Judgment affirmed*.
>
> By the Court (Desmond,
>   Hershfang & Brennan, JJ.[6]),
>
> *Paul Little*
>
> Clerk

Entered:  May 7, 2026.

---

[6] The panelists are listed in order of seniority.